GILBERT T. DUNHAM, Admr. c. t. a. *vs.* DAVID C. RANDALL
*et al.*

JUNE 17, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. This bill in equity is brought by the complainant to obtain the construction of a portion of the will of Henry J. Burroughs and for instructions relative thereto.

All of the interested parties have been made respondents. The cause being ready for hearing for final decree has been certified by the Superior Court to this court for determination as required by § 4968, General Laws, 1923.

Henry J. Burroughs of Providence died single and testate January 28, 1928. His will was executed August 2, 1910, and was duly admitted to probate. In the first seven clauses testator provided for the payment of his debts, funeral expenses and specific bequests. In the eighth and final disposing clause testator appointed his brother George W. Burroughs executor and ordered him to sell all stocks and bonds possessed by the testator at the time of his decease

and certain real estate, and directed that the proceeds of such sales, together with bank deposits and cash, should be divided into two equal parts and bequeathed one half part to his brother George and the remaining one half part divided equally between David C. Randall, his wife Kate and their daughters, Louisa and Laura. The testator sold the real estate described in this clause about four years before he died and, at the time of his death, his estate consisted only of personal property. George W. Burroughs predeceased the testator, single and intestate.

The questions presented to this court for determination are whether the said eighth clause is a residuary clause and, if so, whether the one half part bequeathed by said clause to George W. Burroughs goes to the other legatees named in said clause or descends and passes to the heirs of the testator as intestate estate.

Our statute, § 4297, General Laws, 1923, provides that: "Unless a contrary intention shall appear by the will . . . any devise in such will contained which shall fail or be void by reason of the death of the devisee in the lifetime of the testator without leaving issue of such devisee living at the time of the testator's decease . . . shall be included in the residuary devise, if any, contained in such will; and if a residuary devisee or legatee die before the testator without leaving issue living at the time of the testator's decease, and there be other residuary devisees or legatees named in such will in the same residuary clause, such other residuary devisees or legatees named in such clause, whether a class or not, shall take at the testator's decease the share of such residuary devisee or legatee so dying in like proportions as their shares bear one to another as expressed in said will under said residuary clause."

It is a well settled rule of construction that a will should not be construed so as to cause a partial intestacy unless it cannot be reasonably otherwise interpreted. *Pell* v. *Mercer*, 14 R. I. 412, 427; *Smith* v. *Greene*, 19 R. I. 558; *Fiske* v. *Fiske*, 26 R. I. 509; *Hammill* v. *Anderson*, 43 R. I. 103;

*Woodward* v. *Congdon*, 34 R. I. 316. In this latter case it was said that the obvious intent of the statute quoted was to prevent intestacy where it was manifest that the testator did not intend to die intestate as to any of his estate. It is reasonable to suppose that a man who makes a will does not intend to die intestate as to any part of his property and courts are reluctant to construe a will so as to cause a partial intestacy. *Pell* v. *Mercer, supra; Industrial Trust Co., Ex.* v. *Gardner*, 44 R. I. 404.

The evidence shows that the only heirs of the testator are the descendants of his uncles and aunts and are related to him in the degrees of first, second or third cousins. The legatee, David C. Randall, is the grandson of the testator's aunt, Susan S. Cleveland, and is related to the testator as his first cousin, once removed. Testator was brought up in the home of his aunt, Susan C. Cleveland. The real estate mentioned in said clause was given to the testator and David C. Randall by their grandmother. David C. Randall and the members of his family were the intimate friends of the testator.

By the prior clauses in his will the testator disposed of all of his estate excepting that bequeathed in the eighth clause, with the exception of a few articles of jewelry of small value and a note considered of no value. It was the duty of the complainant to convert these assets into cash and use the proceeds thereof to help pay the preferred charges against the estate. By the eighth clause the testator evidently intended to include all of his estate not previously effectually disposed of. After a careful consideration of the entire will and the evidence as to the surrounding facts and circumstances at the time of its execution, we are of the opinion that said eighth clause is in effect a residuary clause and that the testator did not intend to die intestate as to any part of his estate. It follows that the residuary legatees mentioned in said clause who were living at the time of the death of the testator are entitled to the one half share of the residuary estate bequeathed to said George W. Burroughs.

On June 24, 1930, at 9 o'clock, a. m., Standard time, the parties may present to this court a form of decree in accordance with this opinion to be entered in the Superior Court.

*Henshaw, Lindemuth & Baker,* for complainant.

*Francis B. Keeney, Ernest A. Jenckes, Swan Keeney & Smith,* for respondent Randall *et al.*

*Henry M. Boss, Jr., Francis W. Conlan, Boss, Shepard & McMahon, MacMaster & Hunt,* for respondent Townsend *et al.*

*Francis I. McCanna, James L. Taft, Lee & McCanna, John P. Sylvia, Jr.,* for respondent Lawrence.